**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATEO JESUS-PEDRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-70104

Agency No. A097-610-816

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,** District Judge.

Mateo Jesus-Pedro ("Jesus-Pedro"), a native and citizen of Guatemala, appeals from a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Reviewing the factual findings of the BIA and IJ for substantial evidence and their legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we grant in part and deny in part the petition for review.

1.     Contrary to Jesus-Pedro's argument, the BIA and the IJ applied the correct legal standard in denying his withholding claim. A person seeking withholding of removal must show that "his life or freedom will be threatened in his home country, [and] also that the threat is 'because of' one of the five listed reasons"—race, religion, nationality, membership in a particular social group, or political opinion. *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017) (citing 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)). Congress amended the asylum statute to require that a protected ground be "at least one central reason" for the applicant's persecution, 8 U.S.C. § 1158(b)(1)(B)(i), but made no such amendment to the withholding statute, 8 U.S.C. § 1231(b)(3)(C). We have interpreted Congress's different treatment of the two statutes as establishing distinct legal standards. *See Barajas-Romero*, 846 F.3d at 358–59. Specifically, a petitioner seeking withholding of removal must show that his protected ground was

*a reason*, not *one central reason* for the persecution. *Id.* at 360.

While the BIA stated only that Jesus-Pedro failed to establish "the *requisite* nexus" between the claimed persecution and particular social group, it cited to *Barajas-Romero*, 846 F.3d at 360, in which we held that the withholding statute's "'a reason' standard is a less demanding standard than 'one central reason'" under the asylum statute. The IJ acknowledged that the one central reason standard does not apply here and that Jesus-Pedro need only show that the protected ground was "a reason" for the alleged harm. Because "the BIA recognized that different standards could be relevant in adjudicating claims of persecution under the two separate statutes," *Martinez-Sanchez v. INS*, 794 F.2d 1396, 1398 (9th Cir. 1986) (citation and internal quotation marks omitted), the correct legal standard was applied to the withholding claim.

2.      The BIA and IJ failed to adequately address Jesus-Pedro's argument that he established a nexus between past or feared future persecution and his proposed particular social group based on familial ties to his father. "IJs and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). We have held that the BIA and IJ's failure to address an argument raised by a petitioner can constitute reversible error. *See id.* This occurred here.

Specifically, the BIA and IJ incorrectly characterized the nexus between

3

Jesus-Pedro's claimed persecution and his proposed particular social group. Moreover, the BIA and IJ failed to analyze whether Jesus-Pedro's proposed particular social group is cognizable. The BIA cited to *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), and *Matter of A-B-I*, 27 I. & N. Dec. 316, 339 (A.G. 2018), *superseded by Matter of A-B-III*, 28 I. & N. Dec. 307 (A.G. 2021), which concern whether victims of gang violence can establish nexus based on membership in a particular social group. The BIA then disposed of Jesus-Pedro's proposed particular social group in a footnote, stating that "[i]n light of [the] holding [that Jesus-Pedro failed to establish nexus], we do not address whether the proposed family-based particular social group is cognizable." But Jesus-Pedro did not claim to be part of a particular social group related to victims of crime or opposition to gang recruitment.

The BIA also failed to clearly state its reasoning for denying Jesus-Pedro's withholding claim so as to permit our review. "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 867 n.8 (9th Cir. 2018). Although the substantial evidence standard of review is "highly deferential," *Marcu v. INS*, 147 F.3d 1078, 1080 (9th Cir. 1998), we have emphasized that the BIA must "announce its

decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation and internal quotation marks omitted).

In the BIA's decision, more than half the paragraph disposing of the withholding claim is devoted to a string citation of case law regarding an irrelevant issue—whether victims of crimes or gang opponents can form a cognizable particular social group. Only one sentence refers to the particulars of Jesus-Pedro's case ("The applicant fears harm in Guatemala by gang members and claims membership in a family-based particular social group.").

Nor did the IJ's decision provide sufficiently clear reasoning. The IJ's determination of Jesus-Pedro's withholding claim focused on whether "opposition to gang members or gang recruitment" could form a nexus to a protected ground and whether "victims of crime" could be a cognizable social group. The IJ's order stated it did not believe Jesus-Pedro "was being targeted by the gang members because he is a member of a particular family. The gang members were extorting him because they are criminals." The IJ did not support this holding with specific reasons, evidence, or citations to the record.

We have granted petitions and remanded to the BIA for failure to analyze whether a family-based particular social group is cognizable. *See, e.g.*, *Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015) (holding that the BIA's failure to

5

address whether petitioner's claimed membership in a social group comprising his family members is cognizable was "a failure that constitutes error and requires remand"). Accordingly, we grant in part the petition and remand to the BIA to determine whether Jesus-Pedro's claimed particular social groups—"immediate family members of Alfredo Nicolas Jesus Leon" and "children of United States permanent residents"—are cognizable.

3. Jesus-Pedro has waived review of the denial of CAT protection by failing to raise his CAT claim in his opening brief. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). "We address only issues which are argued specifically and distinctly in a party's opening brief." *Chadd v. United States*, 794 F.3d 1104, 1110 n.4 (9th Cir. 2015) (citation and internal quotation marks omitted). Jesus-Pedro declined to file an optional reply brief, in which he could have answered the Attorney General's arguments regarding the CAT claim. Moreover, Jesus-Pedro joined the Attorney General's motion to this Court to submit the case on the briefs without oral argument. Because none of these actions by Jesus-Pedro demonstrate an intent to raise his claim for CAT protection to this Court, the issue is waived.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED**. Each party shall bear its own costs. *See* Fed. R. App. P. 39(a)(4).